Larry Wayne Davis v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-052-CR

     LARRY WAYNE DAVIS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 77th District Court
 Limestone County, Texas
Trial Court # 8697-A 
                                                                                                               

O P I N I O N
                                                                                                              

     Larry Davis was convicted of sexual assault of a child. See Tex. Pen. Code Ann. § 22.011
(Vernon 1994 & Supp. 1998). He was sentenced to twenty years’ imprisonment and a $10,000
fine. He appeals, asserting two issues for review. We will affirm the judgment.
FACTS
      C.M. testified at trial. She testified that she visited Davis, her biological father,
approximately five times over the course of her life.


 One of those visits occurred over Labor Day
weekend of 1996. C.M. testified that, on Saturday, Davis touched her in an inappropriate manner
both over and underneath her clothing. She further testified that she awoke Sunday morning to
find Davis on top of her. C.M. testified that Davis then raped her. 
RULE 403
      Davis’ first issue alleges that the court erred in denying his request for a mistrial or directed
verdict or, alternatively, in not striking the testimony of his witness, elicited through cross-examination, on Rule 403 grounds. Tex. R. Evid. 403. Dana Puckett, the mother of two of
Davis’ children, testified on Davis’ behalf. The relevant testimony follows:
      Q:  All right. Do you feel like that sexual abuse should be kept within the family and not
turned in?
            [Defense Counsel]:    Objection, Your Honor. It calls for speculation.
            [The Court]:             Overruled.
      A:  Not now, I don’t.
      Q:  Not now?
      A:  Yes.
      Q:  You have covered it up before, haven’t you?
      A:  Not really covered it up. I just didn’t tell.
Q:I just sent his father--just pled in here not long ago, didn’t he, for molesting one of
your daughters?
      A:  Yes.
      Q:  And you knew about it and didn’t turn it in, did you?
            [Defense Counsel]:    Objection, Your Honor, this is getting--this is getting beyond what
needs to be proven in this case.
            [The Court]:             Overruled.

The examination continued without further objection. The defense chose not to redirect and rested
at the close of this testimony. 
      A charge conference was later held, at which the State and Davis stated “no objection” to the
charge. At the end of this conference, Davis proposed to the court a “motion for instructed
verdict” and “motion requesting specific instruction.” Davis argued that “the prosecutor violated
Rule 404 of the Rules of Evidence, and Rule 403 in eliciting those comments.” At this time,
Davis argued that there was no probative value and the testimony was “overly prejudicial.” Davis
concluded by asking for a directed verdict or, alternatively, that the jury be instructed to disregard
all of the cross-examination testimony. His request was denied.
      In Montgomery v. State, the Court of Criminal Appeals required that proper timely objections
be made to preserve contentions under Rules 403 and 404(b) of the Rules of Evidence. 810
S.W.2d 372, 387 (Tex. Crim. App. 1991) (opinion on rehearing). If, on appeal, a defendant
claims the trial judge erred in admitting evidence offered by the State, this error must have been
preserved by a proper objection and a ruling on that objection. Tex. R. App. P. 33.1; Tex. R.
Evid. 103. The objection must be timely; that is, the defense must have objected as soon as the
ground for objection became apparent. Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim. App.
1995). Further, the defense must have moved to strike the evidence, i.e., to have it removed from
the body of evidence the jury is allowed to consider. Ethington v. State, 819 S.W.2d 854, 858
(Tex. Crim. App. 1991). Because Davis did not object on Rule 403 grounds until after the close
of evidence, he failed to make a timely objection. Dinkins, 894 S.W.2d at 355. The trial court
was not in a position to cure any possible harm at that time. Davis should have objected on Rule
403 grounds at the time the testimony was elicited, and then requested that the jury be instructed
to disregard. He did not. Issue one is overruled.
      JURY DELIBERATIONS
      In his second issue, Davis argues that the court erred in permitting the jury to continue
deliberations after it became apparent that they were considering the effects of parole law. 
      During deliberations, the jury sent a note to the court asking how many total years Davis had
served in prison for prior offenses. The court responded, “I’m prohibited from responding to this
question. Please follow the Charge of the Court.” The court then asked for objections. Davis’
only objection was that “it should be referred to a specific instruction.” This objection was
overruled. 
      Davis filed a motion for new trial in which he alleged jury misconduct because “the record
shows they in fact considered the consequences of parole, and then imposed the maximum
sentence.” He now complains that the court erred in allowing the jury to continue deliberations. 
We disagree. 
      There was no hearing on the motion for new trial. This one note does not indicate that the
jury was improperly considering the effects of parole laws when it imposed Davis’ sentence. The
jury may have been considering the fact that Davis had been to prison before yet continued to
break the law. Without further evidence, we can only speculate about the jury’s reason for asking
about Davis’ prior time in prison. This is not evidence of jury misconduct. Issue two is
overruled.
      We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed 
Opinion delivered and filed December 23, 1998
Do not publish